UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.

FADL MOHAMMED MAATOUK
KASSEM ALDIFAHI

CASE NO.    3:04-cr- 323-J-99mmH
Ct. 1:      21 U.S.C. §§ 846, 863
Ct. 2-3:    18 U.S.C. § 2 and
            21 U.S.C. § 863
Ct. 4-5:    21 U.S.C. § 863
Ct. 6:      18 U.S.C. § 1956(h)
Ct. 7-10:   18 U.S.C. §§ 1956(a)(2)(B)
            and 2
Forfeiture: 21 U.S.C. § 853
            18 U.S.C. § 982

## INDICTMENT

The Grand Jury charges:

### COUNT ONE

Between in or about May 2002 and in or about September 2004, at Jacksonville, in the Middle District of Florida, and elsewhere,

FADL MOHAMMED MAATOUK,
KASSEM ALDIFAHI,

the defendants herein, did knowingly, willfully, and intentionally combine, conspire, confederate and agree, with each other, and with other persons known and unknown to the Grand Jury, to sell and offer for sale drug paraphernalia, in violation of Title 21, United States Code, Section 863.

It was part of the conspiracy that the defendants would perform acts and make statements to hide and conceal, and cause to be hidden and concealed, the purpose of the conspiracy and the acts committed in furtherance thereof.

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO

On or about July 9, 2004, at Jacksonville, in the Middle District of Florida, and elsewhere,

>FADL MOHAMMED MAATOUK,
>KASSEM ALDIFAHI,

the defendants herein, did knowingly and intentionally sell and offer for sale drug paraphernalia, and did aid and abet in the sale and offering for sale of drug paraphernalia.

In violation of Title 18, United States Code, Section 2, and Title 21, United States Code, Section 863.

## COUNT THREE

On or about July 14, 2004, at Jacksonville, in the Middle District of Florida, and elsewhere,

>FADL MOHAMMED MAATOUK,
>KASSEM ALDIFAHI,

the defendants herein, did knowingly and intentionally sell and offer for sale drug paraphernalia, and did aid and abet in the sale and offering for sale of drug paraphernalia.

In violation of Title 18, United States Code, Section 2, and Title 21, United States Code, Section 863.

## COUNT FOUR

On or about September 12, 2004, at Jacksonville, in the Middle District of Florida,

FADL MOHAMMED MAATOUK,

the defendant herein, did knowingly and intentionally sell and offer for sale drug paraphernalia.

In violation of Title 21, United States Code, Section 863.

## COUNT FIVE

On or about September 18, 2004, at Jacksonville, in the Middle District of Florida,

FADL MOHAMMED MAATOUK,

the defendant herein, did knowingly and intentionally sell and offer for sale drug paraphernalia.

In violation of Title 21, United States Code, Section 863.

## COUNT SIX

Between in or about May 2002 and in or about September 2004, at Jacksonville and Orange Park, in the Middle District of Florida, and elsewhere,

FADL MOHAMMED MAATOUK,
KASSEM ALDIFAHI

the defendants herein, did knowingly, willfully, and intentionally combine, conspire, confederate and agree, with each other, and other persons known and unknown to the Grand Jury, to transport, transmit and transfer, monetary instruments and funds from a

place inside the United States to a place outside the United States, specifically, from Jacksonville and Orange Park to Beirut, Lebanon, knowing that the monetary instruments and funds involved in the transportation, transmission and transfers and attempts to transport, transmit and transfer represented the proceeds of some form of unlawful activity, and knowing that such transportation and transfers were designed, in whole and in part, to a) conceal and disguise the nature, location, source, ownership and control of the proceeds of specified unlawful activity, and b) to avoid a transaction reporting requirement under federal law, specifically, reporting transfers of more than $10,000 out of the United States, as required by Title 31, United States Code, Section 5316.

All in violation of Title 18, United States Code, Section 1956(h).

## COUNTS SEVEN THROUGH TEN

On or about the dates listed below, at Jacksonville and Orange Park, in the Middle District of Florida, and elsewhere,

FADL MOHAMMED MAATOUK,

the defendant herein, did knowingly and willfully transport, transmit, and transfer, and did attempt to transport, transmit, and transfer, monetary instruments and funds from a place in the United States to a place outside the United States, specifically, from Jacksonville and Orange Park to Beirut, Lebanon, knowing that the monetary instruments and funds involved in the transportation, transmission and transfers and attempts to transport, transmit and transfer represented the proceeds of some form of unlawful activity, and knowing that such transportation, transmission and transfers were designed, in whole and

in part, to a) conceal and disguise the nature, location, source, ownership and control of the proceeds of specified unlawful activity, and b) to avoid a transaction reporting requirement under federal law, specifically, reporting transfers of more than $10,000 out of the United States, as required by Title 31, United States Code, Section 5316, and did aid, abet, counsel and procure such transportation, transmission, and transfers, and attempts:

| Count | Date | Description | Amount |
|---|---|---|---|
| 7 | 3/8/04 | Western Union money transfer to Ramez Maatouk, Beirut, Lebanon | $900 |
| 8 | 3/26/03 | Wire transfer from Vystar Credit Union to Ahmed Dahboul, Beirut, Lebanon | $10,000 |
| 9 | 12/15/03 | Cash taken on flight from Jacksonville to Beirut, Lebanon | $62,000 (Est.) |
| 10 | 6/26/04 | Money orders sent via DHL from Orange Park to Mona Maatouk, Beirut Lebanon | $15,000 |

All in violation of Title 18, United States Code, Sections 1956(a)(2)(B) and 2.

## FORFEITURES

## COUNTS ONE THROUGH FIVE

1. The allegations contained in Counts One through Five of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to the provision of Title 21, United States Code, Section 853.

2. From their engagement in the violations alleged in Counts One through Five of this Indictment, punishable by imprisonment for more than one year, the defendants,

    FADL MOHAMMED MAATOUK - Counts One through Five
    KASSEEM ALDIFAHI - Counts One through Three,

shall forfeit to the United States of America, pursuant to Title 21, United States Code, Section 853(a)(1) and (2), all of their interest in:

    a. Property constituting, or derived from, any proceeds the defendants obtained, directly or indirectly, as a result of such violations; and

    b. Property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations, including but not limited to the following:

    1. A sum of money equal to $87,900.00 in United States currency, representing the amount of proceeds obtained as a result of the offense, 21 U.S.C. §§ 846 and 863, for which the defendants are jointly and severally liable;

    2. 2003 Chevrolet Truck Trailblazer-16 Utility 4D LS 2WD, VIN 1GNDS13S032103661;

    3. 2003 Chevrolet Truck Suburban-V8 Utility C1500 LS 2WD, VIN 3GNEC16ZX3G313492; and

    4. 2003 Chevrolet Truck Venture-V6 Extended Van, 4 Door, VIN 1GNDX03E03D223454.

3.  If any of the property described above, as a result of any act or omission of the defendants:

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

    c.  has been placed beyond the jurisdiction of the court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provision of Title 21, United States Code, Section 853(p).

## COUNT SIX

1.  The allegations contained in Count Six of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2.  From their engagement in the violations alleged in Count Six of this Indictment, punishable by imprisonment for more than one year, the defendants

    FADL MOHAMMED MAATOUK
    KASSEM ALDIFAHI

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all of their interest in any property constituting or derived from proceeds obtained directly or indirectly as a result of the said violations obtained as a result of the offense, 18 U.S.C. § 1956(h), for which the defendants are jointly and severally liable.

3.  If any of the property described above, as a result of any act or omission of the defendants:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

## COUNTS SEVEN THROUGH TEN

1. The allegations contained in Counts Seven through Count Ten of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. From his engagement in the violations alleged in Counts Seven through Count Ten of this Indictment, punishable by imprisonment for more than one year, the defendant,

### FADL MOHAMMED MAATOUK

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all of his interest in any property constituting or derived from proceeds obtained directly or indirectly as a result of the said violations, including but not limited to a sum of money equal to $87,900.00 in United States currency, representing the combined total of proceeds obtained as a result of the offense, 18 U.S.C. § 1956(a)(2)(B).

3. If any of the property described above as a result of any act or omission of the defendant:

  a. cannot be located upon the exercise of due diligence;

  b. has been transferred or sold to, or deposited with, a third party;

  c. has been placed beyond the jurisdiction of the court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL,

_____
Foreperson

PAUL I. PEREZ
United States Attorney

By: _____
DALE R. CAMPION
Assistant United States Attorney

By: _____
BRIAN M. KANE
Assistant United States Attorney
Chief, Jacksonville Division

FORM OBD-34
APR 1991

No.

# UNITED STATES DISTRICT COURT

Middle District of Florida
Jacksonville Division

THE UNITED STATES OF AMERICA

vs.

FADL MOHAMMED MAATOUK
KASSEM ALDIFAHI

## INDICTMENT

Violations:

| | |
|---|---|
| Cts. 1: | 21 U.S.C. §§ 846, 863 |
| Cts. 2-3: | 18 U.S.C. § 2 and 21 U.S.C. § 863 |
| Cts. 4-5: | 21 U.S.C. § 863 |
| Ct. 6: | 18 U.S.C. § 1956(h) |
| Cts. 7-10: | 18 U.S.C. §§ 1956(a)(2)(B) and 2 |

A true bill,

_____
Foreperson

Filed in open court this 10th day
of November, A.D. 2004.

_____
Clerk

Bail $ _____

GPO 863 525